UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AUREL SMITH,

                Plaintiff,

          v.                                          9:11-CV-0020
                                                          (MAD/DRH)

KENNETH PERLMAN, Deputy Commissioner of Programs,
NYS Department of Corrections and Community Supervision;
MARK LEONARD, Director of Ministerial Services, NYS
Department of Corrections and Community Supervision;
DANIEL MARTUSCELLO, Superintendent of Coxsackie
Correctional Facility; CAPTAIN R. SHANLEY, Acting
Deputy Superintendent at Coxsackie Correctional Facility;
SALTSMAN, Correctional Officer, Coxsackie Correctional
Facility; and MR. J. ADAMS, Correctional Officer,
Coxsackie Correctional Facility,

                Defendants.

---

APPEARANCES:                                      OF COUNSEL:

AUREL SMITH
02-A-6279
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff *pro se*

HON. ERIC T. SCHNEIDERMAN                CHRISTOPHER W. HALL, Esq.
New York State Attorney General                   Assistant Attorney General
The Capitol
Albany, New York 12224
Attorneys for Defendants

MAE A. D'AGOSTINO, United States District Judge

## DECISION and ORDER

**I.    Background**

       Plaintiff Aurel Smith commenced this action *pro se* and *in forma pauperis*. In his amended

complaint, Plaintiff alleged, among other things, that Defendants Perlman and Leonard were responsible for changing a longstanding policy of the Department of Corrections and Community Supervision ("DOCCS") which had allowed Muslim inmates to celebrate two holy days, Eidul-Fatr and Eidul-Adhaa, as family events.[1] *See* Dkt. No. 5 at 17-18. The new policy permits Muslim inmates to celebrate only one of two of the Eid feasts as family events. *See id*. Plaintiff states that the new policy took effect in 2008. *See* Dkt. No. 31 at 3. Despite the limitation on family participation for the Eid feasts, Plaintiff claims that Native American inmates are allowed to celebrate at least nine of their holy days as family events. *See* Dkt. No. 5 at 17. Plaintiff claims that Defendants Perlman and Leonard's actions (1) violated his right to Equal Protection under the Fourteenth Amendment; (2) denied him the right to practice his religion freely in violation of the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1(a); and (3) violated his rights under the First Amendment Establishment Clause. *See* Dkt. No. 5 at 18-20. Currently before the Court is Plaintiff's motion for a temporary restraining order and a preliminary injunction. *See* Dkt. No. 28. Defendants oppose Plaintiff's motion. *See* Dkt. No. 29. Plaintiff has replied to Defendants' opposition. *See* Dkt. No. 31.

II.     **Discussion**

A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity

---

[1] The remaining allegations in the amended complaint are not relevant to the motion presently before the Court.

to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).

In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *See No Spray Coalition, Inc. v. City of New York*, 252 F.3d 148, 150 (2d Cir. 2001) (per curiam). However, preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore*, 409 F.3d at 510 (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992).

When, however, a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief he seeks, the injunction sought is properly characterized as mandatory rather than prohibitory and the movant must make a "clear" or "substantial" showing of the likelihood of success as well as irreparable harm if the court does not grant the injunctive relief. *See Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996); *see also Phillip v. Fairfield Univ.*, 118 F.3d 131, 133 (2d Cir. 1997) (holding that "where an injunction is mandatory – that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act –  the moving party must meet a higher standard than in the ordinary case by showing 'clearly' that he or she is entitled to relief or that 'extreme or very serious damage' will result from a denial of the injunction").

The district court has wide discretion in determining whether to grant a preliminary injunction. *See Moore*, 409 F.3d at 511. Moreover, "[i]n the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order.[2] *See Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, *2 (E.D.N.Y. Jul. 31, 2008) (citing *Therrien v. Martin,* No. 3:07-cv-1285 (JCH), 2007 WL 3102181, *5 (D. Conn. Oct. 19, 2007)).

In his motion for a temporary restraining order and a preliminary injunction, Plaintiff claims that defendants Perlman and Leonard allegedly instituted a policy which reduced to one the number of holy days which Muslim inmates may celebrate with their family, but did not reduce or limit the number of family events for holy days observed by Native American inmates. *See generally* Dkt. No. 28. Plaintiff claims that this amended policy violates his religious rights under the First Amendment and RLUIPA, and denies him Equal Protection in violation of the Fourteenth Amendment. *See id*. Plaintiff seeks a Court Order (1) directing Defendants Perlman and Leonard "to reinstitute family-guest participation in the accommodation of both Islaamic Eid holy day observances (of Eidul-Fitr and Eidul-Adhaa)" and (2) enjoining Defendants Perlman and Leonard "from continuing with their policy change in DOCCS Religious Holy Day Calendar limiting family event (FE) status to only one Islaamic Eid holy day." *See id*. at 16.

---

[2] "The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers School Dist*., 561 F.3d 97, 107 (2d Cir. 2009) (quoting *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter*, 306 F.2d 840, 842 (2d Cir. 1962)).

Defendants oppose Plaintiff's motion, arguing that (1) Plaintiff has only submitted his own affirmation in support of his request, which contains no evidence; (2) Plaintiff's request seeks a mandatory injunction, yet he has not made a "clear" or "substantial" showing of the likelihood of success on the merits of his claims; (3) Plaintiff seeks substantially all of the relief sought in his amended complaint; and (4) Plaintiff's delay in seeking injunctive relief belies the urgency of his request.[3] *See* Dkt. No. 29 at 3-6.

In reply to Defendants' opposition, Plaintiff argues that (1) the verified amended complaint contains evidence to support his application for injunctive relief; (2) he has "adequately provided case law in support of his legal contentions;" (3) his "motion would not give him substantially all of the relief sought in his amended complaint" because the amended complaint also requests monetary damages, declaratory relief, and **permanent** injunctive relief; (4) Plaintiff did not unreasonably delay the commencement of this action and, in fact, waited to bring this action in hopes that the issue could be resolved through internal administrative processes provided by DOCCS; (5) Defendants have not provided any compelling need for the family event limitation for the observance of the Eid holy days by Muslim inmates; and (6) "Defendants are the ones that changed the status quo" when they amended the family event policy in 2008. *See* Dkt. No. 31 at 1-5.

Plaintiff's motion, when liberally construed, alleges violations of his First Amendment religious rights and his Fourteenth Amendment right to Equal Protection. Since an alleged violation of a constitutional right "triggers a finding of irreparable harm," the Court will presume for purposes of this

---

[3] In their Memorandum of Law, Defendants refer to an Adkins Affidavit in support of their opposition. *See* Dkt. No. 29 at 4. However, no such Affidavit has been submitted to the Court or to Plaintiff. *See* Dkt. No. 31 at 1 (plaintiff's reply indicating that he did not receive a copy of the Adkins Affidavit).

-5-

motion that Plaintiff satisfies the requirement that a party applying for a preliminary injunction show irreparable harm. *See Jolly*, 76 F.3d at 482; *see also Statharos v. N. Y. City Taxi & Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) (holding that, "[b]ecause plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary").

The Court must now determine whether Plaintiff meets the second test for the granting of preliminary injunctive relief. In this case, Plaintiff seeks to change the status quo by requiring reinstatement of the former DOCCS policy which allowed Muslim inmates to observe both of the Eid feasts with their families, and prohibiting further enforcement of revised DOCCS policy limiting family participation for the Eid feasts to only one of the two Eid feasts. Accordingly, despite Plaintiff's assertion to the contrary,[4] the motion may be properly characterized as one seeking mandatory injunctive relief. As such, Plaintiff must meet a higher standard of proof; he must demonstrate a "clear" or "substantial" likelihood of success on the merits of his claims. *See Jolly*, 76 F.3d at 473.

Here, Plaintiff has not provided specific facts or evidence that clearly or substantially demonstrate his entitlement to the relief that he requests. The Court will not credit Plaintiff's conclusory allegations that his religious rights, or his right to Equal Protection have been violated. This is because such conclusory allegations do not meet the standard required for issuance of injunctive relief. *See Ivy Mar Co., Inc. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) (holding that "bare allegations, without more, are insufficient for the issuance of a preliminary injunction" (citation and footnote omitted)). Plaintiff claims that his verified amended complaint provides the requisite evidence to support his request. The Court has reviewed the amended complaint, including the exhibits

---

[4] Plaintiff claims that Defendants changed the status quo when they revised the Muslim family event policy in 2008. Dkt. No. 31 at 3, 5. Since Plaintiff commenced the present action, and filed this motion in 2011, the revised policy which was in place in 2011 constitutes the status quo.

annexed thereto, and finds that it also provides no evidence that **clearly or substantially** supports Plaintiff's request for the injunctive relief that he seeks.

Plaintiff also contends that he has presented "case law" supporting his entitlement to the relief requested. *See* Dkt. No. 31 at 2 (citing *Native American Council of Tribes v. Solem*, 691 F.2d 382 (8th Cir. 1982)). In the case cited by Plaintiff, Native American inmates alleged in their complaint that Christian inmates were allowed to have family and friends inside the prison to participate in religious services, while Native American inmates were not accorded the same benefit. *See Native American Council of Tribes*, 691 F.2d at 383. In that case, the Eighth Circuit **only** concluded that plaintiffs had sufficiently **alleged** at the pleading stage a violation of Equal Protection and of the First Amendment rights of worship and assembly. *Id*. at 384-85. In so concluding, the Eighth Circuit was careful to state that no merits determination was being made. Indeed, the Eighth Circuit specifically stated the following:

> [w]e rule simply that plaintiffs['] complaint has raised claims of a constitutional dimension. Other issues argued by the state concerning the reasonableness and justification of its policies because of security or other reasons can properly be raised in further proceedings. On remand, the state will have the opportunity to prove that it has a legitimate need for its restriction and the burden of proving that it is using the least restrictive method to reach its proven, legitimate need.

*Id*. at 385. Thus, the decision Plaintiff cited does not provide the legal support necessary to demonstrate a clear and substantial showing on the merits of his claims.

While the Court takes no position on the ultimate merits of Plaintiff's claims, Plaintiff's motion for injunctive relief, even when considered in conjunction with his verified amended complaint, does not, at this early stage of the proceeding, *clearly* or *substantially* demonstrate that Plaintiff is likely to prevail on the merits of his claims. Additionally, absent a clear or substantial showing by Plaintiff on

the merits of his claims, the Court will not second guess DOCCS' administrative policy. *See Fisher*, 981 F. Supp. at 167 (holding that when addressing an inmate's request for injunctive relief, the court should be cautious not to immerse itself in the management of state prisons.). Therefore, the Court denies Plaintiff's motion (Dkt. No. 28) for a temporary restraining order and preliminary injunction.

**WHEREFORE**, the Court hereby

**ORDERS** that Plaintiff's motion for a temporary restraining order and a preliminary injunction (Dkt. No. 28) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 12, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge