**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**AUREL SMITH,**

                               **Plaintiff,**

    vs.                                                  9:11-cv-00020
                                                                  (MAD/CFH)

**KENNETH PERLMAN, Deputy Commissioner
of Programs, NYS Department of Correctional
Services; MARK LEONARD, Director of
Ministerial Services, NYS Department of
Correctional Services; DANIEL MARTUSCELLO,
Superintendent of Coxsackie Correctional Facility;
CAPTAIN R. SHANLEY, Captain, Acting Deputy
Superintendent of Security at Coxsackie Correctional
Facility; JEFFREY A. HALE; HARRY S. GRAHAM,
Superintendent of Auburn Correctional Facility;
G. ROBINSON, Deputy Superintendent of Auburn
Correctional Facility,**

                               **Defendants.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**AUREL SMITH**
02-A-6279
Attica Correctional Facility
Box 149
Attica, New York 14011
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**              **KEVIN M. HAYDEN, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

                                          **ORDER**

Plaintiff, an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the First and Fourteenth Amendment, as well as his rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). *See* Dkt. Nos. 1, 47. In a Report-Recommendation and Order dated February 18, 2014, Magistrate Judge Hummel recommended that the Court deny Plaintiff's motion for partial summary judgment, grant Defendants' cross motion for summary judgment, deny Plaintiff's motion for a preliminary injunction, and dismiss this case. *See* Dkt. No. 90. Neither party has objected to Magistrate Judge Hummel's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice

2

is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in

3

the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Having carefully reviewed Magistrate Judge Hummel's February 18, 2014 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should deny Plaintiff's motion for partial summary judgment, deny Plaintiff's motion for injunctive relief, grant Defendants' cross motion for summary judgment, and dismiss this case. *See* Dkt. No. 90.

In the alternative, the Court finds that Defendants are entitled to qualified immunity. Even if the Court found questions of fact as to whether Plaintiff's constitutional rights had been violated, the record clearly establishes that it was objectively reasonable for Defendants to believe

4

that their conduct did not violate Plaintiff's clearly established rights. The record establishes that all decisions at issue were made with legitimate government interests or with the safety of the facility in mind. As such, the Court grants Defendants' motion for summary judgment on this alternative ground.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's February 18, 2014 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's motion for partial summary judgment (Dkt. No. 73) is **DENIED**; and the Court further

**ORDERS** that Defendants' cross motion for summary judgment (Dkt. No. 81) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for a temporary restraining order and preliminary injunction (Dkt. No. 79) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 13, 2014
      Albany, New York

Mae A. D'Agostino
U.S. District Judge