WILMERHALE

February 17, 2017

**Jenny Pelaez**

+1 212 295 8409 (t)
+1 212 230 8888 (f)
jenny.pelaez@wilmerhale.com

By ECF

Hon. Mae A. D'Agostino
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

Re:  *Smith v. Perlman*, No. 9:11-cv-20 (MAD/CFH) (N.D.N.Y.)

Dear Judge D'Agostino:

I am *pro bono* counsel to Plaintiff Aurel Smith in the above-referenced matter.  Further to the Court's January 17, 2017 order, I write to provide a status report and request that the Court lift the stay of proceedings and reopen discovery for a period of six months to permit Plaintiff to take limited discovery on certain critical topics.  I have conferred with counsel for Defendants, who stated that they do not oppose this request.

As the Court is aware, Plaintiff proceeded *pro se* in this Court prior to his appeal.  Upon the conclusion of discovery on September 23, 2013, the parties submitted cross-motions for summary judgment.  This Court granted Defendants' motion on December 19, 2014.  Plaintiff subsequently appealed, and on August 24, 2016, the Second Circuit vacated the summary judgment and remanded for further proceedings.  Following remand, proceedings have been stayed since October 4, 2016, at the request of the parties, to permit time to explore possible settlement.

Having failed to reach a resolution after engaging in good faith settlement discussions over the last four months, Plaintiff respectfully requests that the Court lift the current stay so that litigation may proceed, and, as previewed in Plaintiff's September 30, 2016 letter to the Court, Plaintiff asks that the Court reopen discovery for a period of six months so that Plaintiff may pursue limited discovery to obtain necessary and highly relevant discovery.  *See* Fed. R. Civ. P. 16(b)(4); *Genova v. City of Glen Cove*, No. 13-cv-4088, 2015 WL 6143718, at *3 (E.D.N.Y. Oct. 19, 2015) (noting that a district court "has broad discretion in deciding whether good cause exists to amend the scheduling order and reopen discovery" (internal citations omitted)).  Permitting targeted additional discovery is especially warranted here because Plaintiff previously conducted discovery *pro se* prior to remand.  *Williams v. Fischer*, No. 13-cv-118, 2015 WL 3522431, at *3 (W.D.N.Y. June 4, 2015) (re-opening discovery following appointment of counsel to a *pro se* litigant where plaintiff sought relevant evidence); *Young v. Sw. Airlines Co.*, No. 14-cv-1940, 2016 WL 3257008, at *3 (E.D.N.Y. May 4, 2016) (plaintiff's "diligence is

Hon. Mae A. D'Agostino
February 17, 2017
Page 2

WilmerHale

further evidenced by the fact that she sought leave to reopen discovery shortly after obtaining counsel").

Plaintiff's anticipated discovery will focus on issues critical to his remaining claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the Equal Protection Clause. *First*, Plaintiff seeks discovery on whether the Department's refusal to modify his therapeutic diet to comply with his religious beliefs furthers a compelling government interest using the least restrictive means, as required by the RLUIPA. *See* 42 U.S.C. § 2000cc-1(a). The Second Circuit recognized on appeal that the "current record is rather thin with respect to facts concerning [Plaintiff's] RLUIPA claim," and remanded to permit the parties "to develop a further record of the relevant facts. Summary Order at 3 n.3. Consistent with the Second Circuit's ruling, Plaintiff's discovery would focus on the costs and feasibility of providing nutritionally appropriate *halal* meats to Muslim prisoners receiving Plaintiff's therapeutic diet.

*Second*, Plaintiff seeks discovery on whether the Department's policy granting Native Americans nine family event days per year, and Muslim prisoners only one family event day per year, violates the Equal Protection Clause. On appeal, the Department conceded that its primary justification at summary judgment for its preferential treatment of Native Americans—that Native Americans had purportedly "unique" religious needs—was constitutionally improper. *See* Summary Order at 5-6. Additional anticipated discovery will focus on whether the Department has any other justification for its policy and the comparative costs and burdens of providing family event days to Native American and Muslim prisoners.

Accordingly, Plaintiff respectfully requests that the Court reopen limited discovery for a period of six months. As noted above, I have conferred with Bruce Boivin, counsel for Defendants, who stated that they do not oppose this request.

We are available at the Court's convenience for an in-person or telephonic conference if it would be helpful to the Court's consideration of this request.

Respectfully submitted,

Jenny Pelaez

*Attorney for Plaintiff Aurel Smith*

cc:  Keith J. Starlin (via ECF)
     Bruce Boivin (via e-mail)